IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| QUINTON ALAME, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 5:17-CV-06066-BCW ) |
| MERGERS MARKETING, *d/b/a Background Screeners of America*, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Plaintiff Quinton Alame's Motion to Remand (Doc. #26). The Court, being duly advised of the premises, denies said motion.

On April 27, 2017, Plaintiff filed this putative class action in the Circuit Court of Clinton County, Missouri, alleging claims against Defendant Mergers Marketing for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1691, *et seq.* ("FCRA"). Defendant timely removed Plaintiff's claims to this Court on May 26, 2017, asserting federal question jurisdiction under 28 U.S.C. § 1331. (Doc. #1). Plaintiff seeks remand to state court on the basis that his claims, while alleged under a federal statutory scheme, do not confer Article III standing to proceed in federal court. The Court notes that Defendant filed a motion to dismiss (Doc. #9) before Plaintiff's motion to remand (Doc. #26); however, because Plaintiff's motion is jurisdictional in nature, the Court first considers Plaintiff's motion. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am. 511 U.S. 375, 377 (1994). A district court has federal question subject matter jurisdiction

1

when an action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

An action filed in state court may be removed to federal court on the basis of federal question jurisdiction. 28 U.S.C. § 1441. However, if subject matter jurisdiction does not exist, the matter must be remanded. 28 U.S.C. § 1447(c); see also Filla v. Norfolk & S. Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003). The party seeking to "invoke federal question jurisdiction through removal . . . bears the burden of proving that jurisdictional threshold is satisfied" by a preponderance of the evidence. Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009) (citation omitted); Knudson v. Sys. Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011) (citation omitted). Any doubt about whether removal is proper is resolved in favor of remand. Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007) (citation omitted).

**DISCUSSION**

Plaintiff's motion to remand argues that the allegations of the complaint are inadequate to confer Article III standing. (Doc. #12). In opposition, Defendant argues Plaintiff has standing to proceed in federal court based on his FCRA claims because Plaintiff alleges more than "a bare procedural violation." (Doc. #28).

Article III standing "is perhaps the most important doctrine of justiciability." Gambles v. Sterling Infosystems, Inc., 234 F. Supp. 3d 510, 516 (S.D.N.Y. 2017) (citing Allen v. Wright, 468 U.S. 737, 750-51 (1984)). To establish Article III standing, a plaintiff must establish the following: (1) injury in fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) the injury is likely to be addressed by a favorable judicial decision. Spokeo, Inc. v. Robins 136. S. Ct. 1540, 1547 (2016) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). For purposes of the instant motion, the parties do not dispute that Plaintiff's claims are fairly

traceable to defendant, or that the alleged violations of the FCRA are redressable by statutory damages. The Court's discussion thus focuses on the injury in fact requirement.

To establish injury in fact, a plaintiff must show he suffered "an invasion of a legally protectable interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." Id. at 1548. In this case, only the "concreteness element of Plaintiff's alleged injuries are at issue . . . ." (Doc. #28 at 3).

A concrete injury "must be de facto; that is, it must actually exist." Spokeo, 136 S. Ct. at 1548. "Concrete means an injury falling within the usual meaning of the term – real, and not abstract." Id. Though an injury must be concrete, however, there exists no requirement that an injury be tangible. Id. at 1549. Regardless, even if an intangible harm might confer standing, the fact that "a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right," is inadequate; "Article III standing requires a concrete injury even in the context of a statutory violation." Id. "In other words, even when a statute has allegedly been violated, Article III requires such violation to have caused some real – as opposed to purely legal – harm to the plaintiff." Robins v. Spokeo, Inc., 867 F.3d 1108, 1112 (9th Cir. 2017).

In this case, Plaintiff alleges Defendant violated the FCRA by preparing and producing a consumer report containing inaccurate information to a third party. Specifically, Plaintiff alleges Defendant prepared a report which falsely indicated Plaintiff had resided in 22 different locations since 2001, leading to "the misleading impression that Plaintiff frequently moves from place to place." (Doc. #1-2 at 3).

The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681b. "[A]lthough one of the FCRA's purposes is to protect against inaccurate credit reporting, not all

inaccuracies cause harm or present any risk of harm." Davis v. D-W Tool, Inc., No. 2:16-cv-04297-NKL, 2017 WL 1036132, at *3 (W.D. Mo. Mar. 17, 2017) (citing Spokeo, 136 S. Ct. at 1549, Public Citizen v. Dep't of Justice, 491 U.S. 440, 449 (1989)).

Where, as in this case, a plaintiff alleges an intangible harm, the Court evaluates the "concreteness" requirement through two considerations:

> (1) whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit . . . ; and (2) the judgment of Congress, which has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.

Campbell v. Adecco USA, Inc., No. 2:16-cv-04059-NKL, 2017 WL 1476152, at *2 (W.D. Mo. Apr. 24, 2017) (citing Spokeo, 136 S. Ct. at 1549).

First, the FCRA is intended to "protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007) (citing 15 U.S.C. § 1681). "As other courts have observed, the interests that FCRA protects also resemble other reputational and privacy interests that have long been protected in the law." Robins, 867 F.3d at 1115 (citing In re Horizon Healthcare Servs. Inc. Data Breach Litig., 846 F.3d 625, 638-40 (3d Cir. 2017); Gambles v. Sterling Infosystems, Inc., 234 F. Supp. 3d 510, 513 (S.D.N.Y. 2017)). The FCRA protects individuals from the dissemination of inaccurate information that might negatively impact the plaintiff, in the same way that a common law claim for defamation protects an individual from "falsely attributed characteristics incompatible with the proper exercise of an individual's lawful business, trade, profession, or office." Robins, 867 F.3d at 1114. Therefore, Plaintiff's alleged harm, based on the inclusion of inaccurate information in his consumer report, is close to a harm that traditionally might provide a basis for a lawsuit.

Next, the Court considers the congressional goals underlying the FCRA, which include protection of consumer privacy and ensuring fair and accurate credit reporting. Safeco Ins. Co.

of Am. v. Burr, 551 U.S. 47, 52 (2007). To meet these goals, the FCRA imposes certain procedural requirements on those creating and using consumer reports, and provides for a statutory cause of action when those procedural requirements are not met. Spokeo, 136 S. Ct. at 1545. With specific respect to Plaintiff's allegations, the FCRA requires consumer reporting agencies to maintain and "follow reasonable procedures to assure maximum possible accuracy" in the information in a consumer's report. 15 U.S.C. § 1681e(b). For these reasons, the Court concludes that Plaintiff's allegations of inaccuracies in his consumer report may support the conclusion that Plaintiff has alleged a concrete intangible harm sufficient to confer standing in federal court.

The Court thus considers the nature of the specific alleged reporting inaccuracies. Robins, 867 F.3d at 1116. Although Plaintiff does not allege that the inaccurate information about his residential history led to the loss of any job or other opportunity, Plaintiff alleges that the consumer report generated by Defendant gave the inaccurate impression that he "frequently moves from location to location." (Doc. #1-2). "The threat to a consumer's livelihood is caused by the very existence of inaccurate information in his credit report and the likelihood that such information will be important to one of the many entities who make use of such reports." Id. at 1114. Consequently, Plaintiff's allegations are not of the type amounting to a mere procedural violation; rather, Plaintiff has sufficiently alleged a material risk of harm. Spokeo, 136 S. Ct. 1550. The Court concludes Plaintiff's allegations are sufficiently concrete to confer Article III standing. Accordingly, it is hereby

ORDERED Plaintiff's Motion to Remand (Doc. #12) is DENIED.

IT IS SO ORDERED.

DATED: September 19, 2017

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT